A CERTIFIED TRUE COPY

OCT 19 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
NOV 28 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 19 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

**DOCKET NO. 1720**

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION*

*BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation presently consists of fourteen actions: eight actions in the Southern District of New York, three actions in the District of Connecticut, two actions in the Northern District of California, and one action in the Northern District of Georgia. Before the Panel are two motions seeking centralization, pursuant to 28 U.S.C. § 1407, of some or all of these actions for coordinated or consolidated pretrial proceedings. Plaintiffs in one Northern California action seek centralization of only the "no-surcharge rule" actions in the Northern District of California; plaintiffs in several actions and potential tag-along actions support this motion. These responding plaintiffs alternatively suggest the Eastern District of Pennsylvania as transferee district. Moving defendants[1] seek centralization of all actions[2] – no-surcharge rule actions and "interchange fee" actions – in the Northern District of Georgia or other geographically central district. The Southern New York plaintiffs in the only individual action now before the Panel agree that centralization of all fourteen actions in one MDL docket is appropriate, but suggest the Southern District of New York as transferee district. Plaintiff in a potentially related Eastern New York action (*GMRI*) suggests centralization of all actions in the Eastern District of New York, where *GMRI* is involved in MDL-1575–*In re Visa/MasterCard Antitrust Litigation* before Judge John H. Gleeson. Remaining responding plaintiffs support selection of either the Eastern or Southern District of New York as transferee district.

---

[*] Judges Hodges and Keenan took no part in the decision of this matter.

[1] Visa U.S.A., Inc.; Visa International Service Association; MasterCard International Inc.; MasterCard Inc.; Bank of America Corp.; Bank of America, N.A.; National Processing, Inc.; Bank One Corp.; Bank One, Delaware, N.A.; Chase Manhattan Bank USA, N.A.; JP Morgan Chase & Co.; Fleet Bank (RI), N.A.; Fleet National Bank; Capital One Bank; Capital One F.S.B.; Capital One Financial Corp.; Citicorp; Citigroup, Inc.; Citibank, N.A.; First National Bank of Nebraska; First National Bank of Omaha; HSBC Finance Corp.; HSBC North America Holdings, Inc.; MBNA America Bank, N.A.; National City Corp.; National City Bank of Kentucky; Providian Financial Corp.; Providian National Bank; RBC Centura Banks, Inc.; RBC Royal Bank of Canada; People's Bank; RBS NB; Royal Bank of Scotland Group, plc; Suntrust Bank, Inc.; Texas Independent Bancshares, Inc.; USAA Federal Savings Bank; Wachovia Corp.; and Wachovia Bank, N.A.

[2] The Panel has been notified that 21 potentially related actions have been filed in multiple federal districts. These and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that the fourteen actions in this litigation involve common questions of fact, and that centralization in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of allegations that the imposition of a no-surcharge rule and/or the establishment of the interchange fee causes the merchant discount fee to be set at supracompetitive levels in violation of the federal antitrust laws. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

Opponents of Section 1407 centralization of all actions in one multidistrict docket argue that the presence of unique questions of fact relating to either the no-surcharge rule actions or the interchange fee actions should produce a different result. We are unpersuaded by this argument. Transfer under Section 1407 has the salutary effect of placing all actions before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

The Panel is persuaded that the Eastern District of New York is an appropriate transferee district for this litigation. Judge Gleeson is already familiar with the operation of the credit card networks. In addition, he is well situated to conduct remaining proceedings in *GMRI* as they relate to both MDL-1575 and the litigation now before the Panel.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable John H. Gleeson for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

D. Lowell Jensen
Acting Chairman

## SCHEDULE A

### MDL-1720 -- In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation

#### Northern District of California

*Rookies, Inc., et al. v. Visa U.S.A., Inc., et al.*, C.A. No. 3:05-2933
*Randall Jasperson v. Visa U.S.A., Inc., et al.*, C.A. No. 3:05-2996

#### District of Connecticut

*Photos Etc. Corp., et al. v. Visa U.S.A., Inc., et al.*, C.A. No. 3:05-1007
*Tabu Salon & Spa, Inc. v. Visa U.S.A., Inc., et al.*, C.A. No. 3:05-1111
*East Goshen Pharmacy, Inc., etc. v. Visa U.S.A., Inc., et al.*, C.A. No. 3:05-1177

#### Northern District of Georgia

*Animal Land, Inc. v. Visa U.S.A., Inc.*, C.A. No. 1:05-1210

#### Southern District of New York

*Nucity Publications, Inc. v. Visa U.S.A., Inc., et al.*, C.A. No. 1:05-5991
*Fairmont Orthopedics & Sports Medicine, PA, et al. v. Visa U.S.A., Inc., et al.*, C.A. No. 1:05-6259
*Parkway Corp., et al. v. Visa U.S.A., Inc., et al.*, C.A. No. 1:05-6349
*The Kroger Co., et al. v. Visa U.S.A., Inc., et al.*, C.A. No. 1:05-6409
*Baltimore Avenue Foods, LLC v. Visa U.S.A., Inc., et al.*, C.A. No. 1:05-6532
*Broken Ground, Inc. v. Visa U.S.A., Inc., et al.*, C.A. No. 1:05-6543
*Lakeshore Interiors v. Visa U.S.A., Inc., et al.*, C.A. No. 1:05-6683
*Bonte Wafflerie, LLC, et al. v. Visa U.S.A., et al.*, C.A. No. 1:05-6708

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT C. HEINEMANN
Clerk
TERRY L. VAUGHN
Operations Manager

U.S. Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201
(718) 260-2330
Fax: (718) 260-2546
Terry_Vaughn@nyed.uscourts.gov

November 15, 2005

Richard W. Wieking, Clerk of Court
United States District Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
Room 16111
San Francisco, CA 94102

RECEIVED

NOV 2 8 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:   **Payment Card Interchange Fee and Merchant Discount Antitrust Litigation**
         **M.D.L. No. 1720**

Civil Action:   *Rookies, Inc., et al.*   vs.   *Visa U.S.A., Inc., et al.*,
                Our Civil Action No.:   1:05-cv-5069(JG)(CP)
                **Your Civil Action No.: 3:05-cv-2933 SC**

Dear Mr. Weiking:

Enclosed is a certified copy of the MDL Panel's transfer order consolidating the above mentioned action into MDL 1720. Please forward your file and a certified copy of your docket sheet w/an attached cover letter to our District.

Very truly yours,

Monique Layne,
Deputy Clerk

Enclosures